WEISS & JONES, L.L.P.
Philip E. Weiss, Esq. (No. 152523)
1551 Shelter Island Drive
San Diego, California 92106
Telephone: (619) 225-8884
Facsimile: (619) 225-8801

Attorneys for Defendant
Mi Barur, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>MI BARUR, INC.,<br>Defendant. | Case No. 08 CV 0443 BEN POR<br><br>NOTICE OF AND JOINT MOTION FOR FURTHER EXTENSION OF TIME TO RESPOND TO COMPLAINT<br><br>Local Civil Rules 7.2, 12.1 |

**COME NOW** Plaintiff NEW HAMPSHIRE INSURANCE COMPANY ("PLAINTIFF") and Defendant MI BARUR, INC. ("DEFENDANT"), and jointly move this Honorable Court for an Order further extending the time for DEFENDANT to answer or otherwise respond to the Complaint in this action, up to and including June 20, 2008.

## I. <u>BACKGROUND</u>

As the Court will recall, this action was filed on March 10, 2008, and seeks certain declaratory and other relief, including a determination of this Honorable Court that PLAINTIFF is not obligated to indemnify DEFENDANT in connection with the loss of its 92-foot motoryacht, MI BARUR. As the Court will also recall, based on DEFENDANT's need to investigate and evaluate PLAINTIFF's allegations, an extension to respond to the Complaint (up to and including May 19, 2008),was requested by Joint Motion and was granted by this Court's Order of April 8, 2008.

///

Beginning immediately upon receiving PLAINTIFF's letter denying this claim (dated March 10, 2008), DEFENDANT has been working diligently to investigate and evaluate this loss and the allegations being made by PLAINTIFF. Declaration of Philip E. Weiss in Support of Joint Motion for Further Extension of Time to Respond to Complaint ("Weiss Decl.") at para. 3. Since the date of this Court's Order granting the first request for an extension, these efforts have included the retention of maritime coverage counsel and fire and arson investigators/experts, a multi-day on-site inspection and investigation (with counsel) in La Paz Mexico, the review of boxes of materials from the files of DEFENDANT's insurance and yacht brokers, and the preparation of detailed reports by said experts. Weiss Decl. at para. 3. Finally, coverage counsel for DEFENDANT have also prepared and will be submitting a highly detailed and fully documented letter seeking reconsideration of PLAINTIFF's denial of this claim by the end of next week, which DEFENDANT hopes will obviate the need for this law suit. Weiss Decl. at para. 3.

DEFENDANT wants to ensure that PLAINTIFF has been given every reasonable opportunity to evaluate this claim and the arguments and evidence supporting coverage before being forced to respond to PLAINTIFF's Complaint. Weiss Decl. at para. 4. DEFENDANT believes that if PLAINTIFF is given time to objectively consider and respond to DEFENDANT's position and evidence, there is a very good chance that this matter can be resolved without the need for drawn out litigation and trial. Weiss Decl. at para. 4. However, notwithstanding DEFENDANT's best efforts, PLAINTIFF will simply not have time to consider DEFENDANT's demand letter and evidence and to complete such an evaluation (and perhaps further discussions with DEFENDANT) prior to the current deadline to respond of May 19, 2008. Weiss Decl. at para. 4.

Based on the foregoing, DEFENDANT submits that the interests of judicial economy will be best served by, and that good cause supports, permitting DEFENDANT additional time within which to answer or otherwise respond to the Complaint; namely until June 20, 2008. Weiss Decl. at para. 5.

PLAINTIFF does not object to, and joins with DEFENDANT, in requesting that an Order issue permitting the DEFENDANT up to and including June 20, 2008 to answer or otherwise respond to the Complaint in this action.

## II. LEGAL ARGUMENT

Local Civil Rule 12.1 provides that "[e]xtensions of time for answering, or moving to dismiss a complaint shall only be secured by obtaining the approval of a judicial officer, who shall base the decision on a showing of good cause."

Local Civil Rule 7.2 provides in relevant part that "[e]xcept as otherwise provided, stipulations shall be recognized as binding on the court only when approved by the judge," and any "stipulation for which court approval is sought must be filed as a 'joint motion.' Parties are not required to obtain a hearing date for the motion, and are not required to file a separate points and authorities or declaration unless required by the nature of the motion or requested by the assigned judicial officer."

Here, PLAINTIFF and DEFENDANT are in accord that good cause exists under the circumstances for this Honorable Court to grant a further extension of time until June 20, 2008 for DEFENDANT to file its answer or other responsive pleading. In the light of the filing of this Joint Motion, the requested extension is within this Honorable Court's discretion pursuant to Local Civil Rule 12.1.

## III. CONCLUSION

For all of the above reasons, PLAINTIFF and DEFENDANT jointly request that the Court grant an extension of time, until and including June 20, 2008, for DEFENDANT to file its answer or other responsive pleading in this action.

Dated: May 15, 2008 Respectfully submitted,

WEISS & JONES, L.L.P.

By: s/Philip E. Weiss

Attorneys for Mi Barur, Inc.

LEWIS, BRISBOIS BISGAARD & SMITH

By: Rebecca R. Weinreich

Attorneys for New Hampshire Ins. Co.