BANNING MICKLOW & BULL LLP
William L. Banning, State Bar No. 75757
Edward M. Bull III, State Bar No. 141996
501 West Broadway, Suite 2090
San Diego, California 92101
Telephone: (619) 230-0030
Facsimile: (619) 230-1350

Attorneys for Defendant
Mi Barur, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY,<br>Plaintiff,<br>vs.<br>MI BARUR, INC.,<br>Defendant. | Case No. 08 CV 0443 BEN POR<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |
| MI BARUR, INC., ARSENIO FARRELL and NORMA FARRELL,<br>Counter-Claimants,<br>vs.<br>NEW HAMPSHIRE INSURANCE COMPANY,<br>Counter-Defendant. | |

Defendant and Counter-Claimant MI BARUR, INC. ("Mi Barur") hereby answers and responds to the Complaint for Declaratory Judgment ("Complaint") filed by Plaintiff and Counter-Defendant NEW HAMPSHIRE INSURANCE COMPANY ("NHIC") as follows:

///

## I.

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

1. The allegations in paragraph 1 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

2. To the extent that the allegations in paragraph 2 of the Complaint set forth conclusions of law, Mi Barur neither admits nor denies those allegations. Based upon information and belief, Mi Barur hereby admits the remaining factual allegations set forth in paragraph 2 of the Complaint.

3. To the extent that the allegations in paragraph 3 of the Complaint set forth conclusions of law, Mi Barur neither admits nor denies those allegations. Based upon information and belief, Mi Barur hereby admits the remaining factual allegations set forth in paragraph 3 of the Complaint.

4. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 4 of the Complaint.

5. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 5 of the Complaint.

6. Based upon information and belief, Mi Barur hereby admits that it is a "U.S. company" and that Michael Hallmark is designated as holding the primary corporate offices for the company. Mi Barur further admits that one of the reasons for forming this single vessel holding corporation was to purchase and hold lawful title to a U.S. flag yacht. Mi Barur has insufficient information or belief and therefore denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. Based upon information and belief, Mi Barur hereby admits that the Mi Barur was purchased for a payment of $900,000 cash and the trade-in of his existing yacht, the DeFever (with a fair market value of $1,400,000 according to a survey by Marvin Henderson). Based upon information and belief, Mi Barur further admits that the individual who acquired the vessel (who originally set the price at $1.1 million and was under financial duress) sold the boat for $620,000 (to an individual who then

contracted with Zurich Insurance Company to insure the hull and machinery for $1.4 million).

8. Based upon information and belief, Mi Barur hereby admits the allegations set forth in the first sentence of paragraph 8 of the Complaint. Based upon information and belief, Mi Barur further admits that Mr. Hallmark did not sell the yacht during the listing period.

9. Based upon information and belief, Mi Barur hereby admits the allegations set forth in the first sentence of paragraph 9 of the Complaint. Based upon information and belief, Mi Barur further admits that although three offers were made on the yacht, Mr. Hallmark did not sell the yacht during the listing period.

10. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 10 of the Complaint, but denies that selling the vessel was the only reason for moving the yacht to Florida or that it failed to disclose the other reasons for moving the yacht when it sought to have the boat's trading warranty modified to allow this move.

11. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 11 of the Complaint.

12. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 12 of the Complaint.

13. Mi Barur hereby denies the allegations set forth in paragraph 13 of the Complaint.

14. Mi Barur hereby denies the allegations set forth in paragraph 14 of the Complaint.

15. Mi Barur hereby denies the allegations set forth in paragraph 15 of the Complaint.

16. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 16 of the Complaint.

17. Based upon information and belief, Mi Barur hereby admits the

allegations set forth in paragraph 17 of the Complaint.

18. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 18 of the Complaint.

19. Mi Barur hereby denies the allegations set forth in paragraph 19 of the Complaint.

20. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 20 of the Complaint.

21. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 21 of the Complaint.

22. Mi Barur hereby denies the allegations set forth in paragraph 22 of the Complaint.

23. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 23 of the Complaint.

24. Based upon information and belief, Mi Barur hereby admits that paragraph 23 of the Complaint describes some of the conclusions set forth in the report prepared by NHIC's representatives and purported fire investigators.

25. Based upon information and belief, Mi Barur hereby admits the allegations set forth in the first sentence of paragraph 25 of the Complaint. Mi Barur hereby denies the remaining allegations set forth in paragraph 25 of the Complaint.

26. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 26 of the Complaint.

27. Mi Barur has no personal knowledge of what motivated Mr. Murphy to issue any statement made in his report, but given its own investigation, and based upon information and belief, Mi Barur hereby denies the allegations set forth in paragraph 27 of the Complaint.

28. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 28 of the Complaint.

29. Based upon information and belief, Mi Barur hereby admits the

allegations set forth in paragraph 29 of the Complaint, except it denies that Exhibit A to the Complaint is a copy of Policy YM 868-56-66.

30. Based upon information and belief, Mi Barur hereby denies that the provisions set forth in paragraph 30 of the Complaint are quoted from Policy YM 868-56-66.

31. Based upon information and belief, Mi Barur hereby denies that the provisions set forth in paragraph 31 of the Complaint are quoted from Policy YM 868-56-66.

32. Based upon information and belief, Mi Barur hereby denies that the provisions set forth in paragraph 32 of the Complaint are quoted from Policy YM 868-56-66.

33. Based upon information and belief, Mi Barur hereby denies that the provisions set forth in paragraph 33 of the Complaint are quoted from Policy YM 868-56-66.

34. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 34 of the Complaint.

35. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 35 of the Complaint.

36. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 36 of the Complaint.

37. Based upon information and belief, Mi Barur hereby admits the allegations set forth in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint makes no additional factual allegations.

39. The allegations in paragraph 39 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

40. The allegations in paragraph 40 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

41. The allegations in paragraph 41 of the Complaint set forth conclusions of

law and Mi Barur therefore neither admits nor denies those allegations.

42. The allegations in paragraph 42 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

43. Paragraph 43 of the Complaint makes no additional factual allegations.

44. The allegations in paragraph 44 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

45. The allegations in paragraph 45 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

46. The allegations in paragraph 46 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

47. The allegations in paragraph 47 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

48. The allegations in paragraph 48 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

49. Paragraph 49 of the Complaint makes no additional factual allegations.

50. The allegations in paragraph 50 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

51. Mi Barur hereby denies the allegations set forth in paragraph 51 of the Complaint.

52. The allegations in paragraph 52 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

53. The allegations in paragraph 53 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

54. The allegations in paragraph 54 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

55. The allegations in paragraph 55 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

56. Paragraph 56 of the Complaint makes no additional factual allegations.

57. Mi Barur hereby denies the allegations set forth in paragraph 57 of the Complaint.

58. The allegations in paragraph 58 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

59. The allegations in paragraph 59 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

60. The allegations in paragraph 60 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

61. The allegations in paragraph 61 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

62. Paragraph 62 of the Complaint makes no additional factual allegations.

63. The allegations in paragraph 63 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

64. The allegations in paragraph 64 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

65. The allegations in paragraph 65 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

66. The allegations in paragraph 66 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

67. Paragraph 67 of the Complaint makes no additional factual allegations.

68. Based upon information and belief, Mi Barur hereby admits the allegations set forth in the first sentence of paragraph 68 of the Complaint. Mi Barur hereby denies the remaining allegations set forth in paragraph 68 of the Complaint.

69. The allegations in paragraph 69 of the Complaint set forth conclusions of law and Mi Barur therefore neither admits nor denies those allegations.

## II.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Venue is improper in this district.

3. The is no personal jurisdiction over Defendant Mi Barur.

4. The Court in its discretion should not take jurisdiction over the alleged controversy.

4. Plaintiff and its conspirators have unclean hands.

5. Plaintiff and its conspirators are estopped to deny there is coverage under the NHIC Policy for the claims of Mi Barur.

6. Plaintiff and its conspirators are estopped to deny that Counter Claimants Arsenio and Nora Farrell are third-party beneficiaries and joint insureds under the NHIC Policy.

7. Plaintiff and its conspirators have waived all their coverage defenses, if any.

## III.

## PRAYER

**WHEREFORE,** Mi Barur prays for judgment as follows:

1. That the Court declare by judgment that there is coverage under the NHIC Policy for the claims of Mi Barur;

2. That Mi Barur be declared the prevailing party and be awarded its attorneys' fees and costs incurred in defending this action;

3. That judgment be entered in favor of Mi Barur and Arsenio and Nora Farrell as prayed for in the Counter-Claim filed herewith; and

4. For such other and further relief as the Court may deem proper.

DATED: June 20, 2008

Respectfully submitted,

BANNING MICKLOW & BULL LLP

By s/ William L. Banning

WILLIAM L BANNING
EDWARD M. BULL III

Attorneys for Defendant Mi Barur

## IV.

## DEMAND FOR JURY TRIAL

Defendant Mi Barur hereby demands a trial by jury.

DATED: June 20, 2008

Respectfully submitted,

BANNING MICKLOW & BULL LLP

By /S/ William L. Banning

WILLIAM L BANNING
EDWARD M. BULL III

Attorneys for Defendant Mi Barur