Rebecca R. Weinreich, SB# 155684
E-Mail: weinreich@lbbslaw.com
Stephen V. Kovarik, SB# 184656
E-Mail: kovarik@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Plaintiff and Counterdefendant
New Hampshire Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

New Hampshire Insurance Company,

Plaintiff,

v.

Mi Barur, Inc.,

Defendant.

---

Mi Barur, Inc., Arsenio Farell and Norma Farell,

Counter-Claimants,

v.

New Hampshire Insurance Company,

Counter-Defendant.

---

CASE NO. 08 CV 0443 BEN POR

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NEW HAMPSHIRE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Date: August 18, 2008
Time: 10:30 a.m.
Courtroom: 3
The Honorable Roger T. Benitez

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION . . . . 1

II. SUMMARY OF ARGUMENT . . . . 1

III. STATEMENT OF THE CASE . . . . 2

IV. LEGAL ARGUMENT . . . . 4

A. Choice of Law . . . . 4

B. Motion to Dismiss Standard . . . . 4

C. Promissory Fraud Cannot Be Based Upon a Mere Breach of Contract . . . . 5

D. Counterclaimants' "Negligence" Cause of Action Cannot Survive Because Their Claims Are Based upon Breach of Contract, Not Tort . . . . 7

E. The Claims by the Farells are Factually and Legally Flawed Because They Are Not Insureds Under the New Hampshire Policy . . . . 10

1. The Terms of the Policy Take Precedence Over Conclusory Allegations in the Counterclaim . . . . 10

2. Only Insureds Under the Policy May Assert a Cause of Action Against New Hampshire . . . . 10

a. As Shareholders in Mi Barur, Inc., the Farells Lack Standing to Sue the Corporation's Insurer . . . . 11

b. The Farells Do Not Qualify as Insureds Under the New Hampshire Policy . . . . 12

c. The Farells Are Not Third-Party Beneficiaries Under the New Hampshire Policy . . . . 13

F. The Libel and Slander Claims Must be Dismissed . . . . 13

1. The Standard . . . . 14

2. The Alleged Statements Are Privileged Because They Are Between Persons Who Are Interested in the Loss of the Mi Barur . . . . 15

3. The Alleged Statements Do Not Defame the Farells . . . . 18

a. The Letter Submitted in Support of the Seventh Cause of Action for Slander Contains No Statements Regarding Either of the Farells . . . . 18

b. The Statement Supporting the Eighth Cause of Action For Slander Does Not Reference Either Mr. or Mrs. Farell ..... 20

(1). The Statement Refers to "He," Not "She" or Mrs. Farell ..... 20

(2). The Statement is Not Sufficiently Specific as to Who it Refers ..... 20

V. CONCLUSION ..... 21


LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

# TABLE OF AUTHORITIES

## Federal Cases

*Aceves v. Allstate Insurance Co.*, 68 F.3d 1160 (9th Cir. 1995) . . . . . 9

*Adams v. Allstate Insurance Co.*, 187 F. Supp.2d 1207 (C.D. Cal. 12002) . . . . . 17

*Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12 (1st Cir. 1998) . . . . . 10

*Bower v. Jones*, 978 F.2d 1004 (7th Cir. 1992) . . . . . 7

*Carillo v. Nationwide Mutual Fire Insurance Co.*, 2007 U.S. Dist. LEXIS 47919 (N.D. Cal. June 25, 2007) . . . . . 8

*Caso v. Hartford Casualty Insurance Co.*, 2008 U.S. Dist. LEXIS 36428 (E.D. Cal. May 2, 2008) . . . . . 8

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) . . . . . 4

*Comerica Bank v. McDonald*, 2006 U.S. Dist. LEXIS 86306 (N.D. Cal. 2006) . . . . . 7

*Continental Insurance Co. v. Muradyan*, 2003 U.S. Dist. LEXIS 18643 (C.D. Cal. 2003) . . . . . 9

*Everett Associates v. Transcontinental Insurance Co.*, 159 F. Supp.2d 1196 (N.D. Cal. 2001) . . . . . 8, 9

*Fanucchi & Limi Farms v. United Agriculture Products*, 414 F.3d 1075 (9th Cir. 2005) . . . . . 7

*In re Glenfed, Inc. Sec, Litigation*, 42 F.3d 1541 (9th Cir. 1994) . . . . . 5

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1990) . . . . . 10

*Holden v. Hagopian*, 978 F.2d 1115 (9th Cir. 11992) . . . . . 4

*Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866 (N.D. Cal. 1992) . . . . . 17

*Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996) . . . . . 5

*Morley v. Walker*, 175 F.3d 756 (9th Cir. 1999) . . . . . 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

*Mullis v. United States Bankruptcy Ct.*,
828 F.2d 1385 (9th Cir. 1987) . . . . . . . . . . 4

*New Hampshire Insurance Co. v. C'est Moi, Inc.*,
519 F.3d 937 (9th Cir. 2008) . . . . . . . . . . 4

*Price v. Highland Community Bank*,
722 F. Supp. 454 (N.D. Ill. 1989) . . . . . . . . . . 6

*Richardson v. Reliance National Indemnity Co.*,
2000 U.S. Dist. LEXIS 2838 (N.D. Cal. Mar 9, 2000) . . . . . . . . . . 6

*Smith v. Allstate Insurance Co.*,
160 F. Supp.2d 1150 (S.D. Cal. 2001) . . . . . . . . . . 5, 6

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) . . . . . . . . . . 4

*In re Stac Electrics Sec. Litigation*,
89 F.3d 1399 (9th Cir. 1996) . . . . . . . . . . 4, 10

*In re Syntex Corp. Securities Litigation*,
95 F.3d 922 (9th Cir. 1996) . . . . . . . . . . 4

*Tento International, Inc. v. State Farm Fire & Casualty Co.*,
222 F.3d 660 (9th Cir. 2000) . . . . . . . . . . 8

*Thompson v. Illinois Department of Prof. Reg*,
300 F.3d 750 (7th Cir. 2002) . . . . . . . . . . 10, 11, 21

**State Cases**

*Aas v. Superior Ct.*,
24 Cal. 4th 627 (2000) . . . . . . . . . . 7

*Bank of the West v. Superior Ct.*,
2 Cal. 4th 1254 (1992) . . . . . . . . . . 12

*Becker v. IRM Corp.*,
38 Cal. 3d 454 (1985) . . . . . . . . . . 7

*Benavides v. State Farm General Insurance Co.*,
136 Cal. App. 4th 1241 (2006) . . . . . . . . . . 8

*Bierbower v. FHP, Inc.*,
70 Cal. App. 4th 1 (1999) . . . . . . . . . . 16

*Blatty v. New York Times Co.*,
42 Cal. 3d 1033 (1986) . . . . . . . . . . 18, 21

*C & H Foods Co. v. Hartford Insurance Co.*,
163 Cal. App. 3d 1055 (1984) . . . . . . . . . . 11

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

*Chateau Chamberay Homeowners Association v. Associated International Insurance Co.*,
90 Cal. App. 4th 335 (2001) . . . . . . . . . . 9

*Erlich v. Menezes*,
21 Cal. 4th 543 (1999) . . . . . . . . . . 8

*Ferlauto v. Hamsher*,
74 Cal. App. 4th 1394 (1999) . . . . . . . . . . 18

*Fraley v. Allstate Insurance Co.*,
81 Cal. App. 4th 1282 (2000) . . . . . . . . . . 17

*Frontier Oil Corp. v. RLI Insurance Co.*,
153 Cal. App. 4th 1436 (2007) . . . . . . . . . . 4

*Hatchwell v. Blue Shield of Cal.*,
198 Cal. App. 3d 1027 (1988) . . . . . . . . . . 13

*InfiNet Marketing Serv., Inc. v. American Motorist Insurance Co.*,
150 Cal. App. 4th 168 (2007) . . . . . . . . . . 13

*Institute of Athletic Motivation v. University of Illinois*,
114 Cal. App. 3d 1 (1980) . . . . . . . . . . 15

*Jones v. Aetna Casualty & Surety Co.*,
26 Cal. App. 4th 1717 (1994) . . . . . . . . . . 13

*Lazar v. Superior Ct.*,
12 Cal. 4th 631 (1996) . . . . . . . . . . 6

*Love v. Fire Insurance Exch.*,
221 Cal. App. 3d 1136 (1990) . . . . . . . . . . 9, 17

*Lundquist v. Reusser*,
7 Cal. 4th 1193 (1994) . . . . . . . . . . 15, 16, 17

*Magpali v. Farmers Group, Inc.*,
48 Cal. App. 4th 471 (1996) . . . . . . . . . . 6

*Noel v. River Hills Wilsons, Inc.*,
113 Cal. App. 4th 1363 (2003) . . . . . . . . . . 16

*Robomatic, Inc. v. Vetco Offshore*,
225 Cal. App. 3d 270 (1990) . . . . . . . . . . 17

*Roemer v. Retail Credit Co.*,
44 Cal. App. 3d 926 (1975) . . . . . . . . . . 16

*Sanborn v. Chronicle Public Co.*,
18 Cal. 3d 406 (1976) . . . . . . . . . . 16

*Sanchez v. Lindsey Morton Claims Services, Inc.*,
72 Cal. App. 4th 249 (1999) . . . . . . . . . . 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

*Scott v. McDonnell Douglas Corp.*, 37 Cal. App. 3d 277 (1974) . . . . . 14

*Seretti v. Superior National Insurance Co.*, 71 Cal. App. 4th 920 (1999) . . . . . 11

*Tan Jay International v. Canadian Indemnity Co.*, 198 Cal. App. 3d 695 (1988) . . . . . 11

*Tarmann v. State Farm Mutual Automobile Insurance Co.*, 2 Cal. App. 4th 153 (1991) . . . . . 6

*Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18 (1985) . . . . . 6

*Wilkins v. NBC*, 71 Cal. App. 4th 1066 (1999) . . . . . 5

**State Statutes**

California Civil Code:

§ 44 . . . . . 14

§ 45 . . . . . 14

§ 46 . . . . . 15

§ 47 . . . . . 2, 15

§ 48 . . . . . 16

§ 1646 . . . . . 4

**Miscellaneous**

Croskey, *et al., Cal. Practice Guide, Insurance Litigation* § 11:205 (The Rutter Group 2007) . . . . . 9

5 Wright & Miller, *Fed. Prac. & Proc., Civil 3d* § 1245 (2008) . . . . . 14

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## I. INTRODUCTION

New Hampshire Insurance Company ("New Hampshire") submits this memorandum in support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss, on the grounds that they fail to state a claim upon which relief can be granted, the (1) Third and Fourth causes of action to the counterclaim filed by Mi Barur, Inc., Arsenio Farell and Norma Farell (collectively, "Counterclaimants"), and (2) First through Eighth Causes of Action to the extent they are brought individually by Arsenio Farell and Norma Farell (the "Farells").

## II. SUMMARY OF ARGUMENT

This action involves whether the loss of the 92 ft. motor yacht "Mi Barur" as a result of arson is covered under a marine insurance policy issued by New Hampshire to a corporation named Mi Barur, Inc. Counterclaimants assert eight cause of action against New Hampshire: (1) Breach of Insurance Contract, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing ("bad faith"), (3) Fraud - No Intent to Perform, (4) Negligence, (5) Intentional Infliction of Emotional Distress, (6) Negligent Infliction of Emotional Distress, (7) Libel, and (8) Slander. The First through Fourth Causes of Action are brought by Mi Barur, Inc. and the Farells. The Fifth through Eighth Causes of action are brought solely by the Farells.

The Third Cause of Action for "fraud" fails as a matter of law because it is based upon the assertion that, at the time the New Hampshire insurance policy was issued, the company had no intention of paying any claims under the policy. California courts have found that claims against an insurer based simply upon an original promise to insure coupled with a subsequent failure to perform are "specious" because they would turn every breach of contract action into a fraud claim by simply alleging that a party never intended to keep its promise.

The Fourth Cause of Action for "negligence" fails because, under California law, a person may not ordinarily recover in tort for a breach of contract. The only tort remedy available in the insurance context is for "bad faith," not mere negligence.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

The claims raised by Arsenio Farell and Norma Farell, individually, in the First through Sixth Causes of Action for breach of contract, bad faith, fraud, negligence, and intentional and negligent infliction of emotional distress are fundamentally flawed because the Farells are neither insureds nor beneficiaries under the New Hampshire policy. Rather, they are merely shareholders in Mi Barur, Inc., the owner of the Mi Barur and the named insured under the policy. Under well established principles of California law, shareholders lack standing to assert a claim against the corporation's insurer because there is no privity of contract.

The Seventh and Eight Causes of Action for libel and slander asserted solely by the Farells fail as a matter of law because they are based upon communications relating to the loss of the Mi Barur and issues regarding insurance coverage for the loss that were allegedly made by New Hampshire's representatives to Mi Barur, Inc.'s president and to its insurance broker. Such communications are protected by the "common interest privilege" codified in California Civil Code section 47, which protects statements to others on a matter of common interest.

The libel and slander claims are also deficient because the statements upon which they are based neither refer to the Farells nor attribute the arson to them and, therefore, do not meet the First Amendment requirement that a defamatory statement specifically refer to or be "of and concerning" the claimants.

For these reasons, New Hampshire requests that the motion be granted.

## III. STATEMENT OF THE CASE

On March 10, 2008, New Hampshire filed a complaint against its insured, Mi Barur, Inc., seeking a declaration of the parties' rights and obligations under New Hampshire policy no. YM 868-56-66 for the total loss of the Mi Barur after an October 20, 2007 fire in La Paz, Mexico, that was the result of arson. (Ex. A.)[1/] Mi Barur, Inc. answered the complaint on June 20, 2008. (Ex. B.) That same day, Mi

[1/] References are to the exhibits attached to the Notice of Lodgment of Exhibits filed in support of this motion.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

Barur, Inc. and its shareholders, Arsenio Farell and Norma Farell filed a counterclaim against New Hampshire. (Ex. C.)

Counterclaimants admit in their Answer or allege in the Counterclaim that:

1. Mi Barur, Inc. is the owner of the motor yacht Mi Barur. (Ex. A, p. 2, ¶ 4; Ex. B, p. 52, ¶ 4; Ex. C, p. 66, ¶ 21.)
2. All the shares of Mi Barur, Inc. are owned by Arsenio Farell and Norma Farell. (Ex. A, p. 2, ¶ 5; Ex. B, p. 52, ¶ 5; Ex. C, p. 66, ¶ 21.)
3. Michael Hallmark is the holder of the primary corporate offices of Mi Barur, Inc. (Ex. A, p. 2, ¶ 6; Ex. B, p. 52, ¶ 6.)
4. New Hampshire issued policy no. YM 868-56-66 to named insured Mi Barur, Inc., with effective dates of September 23, 2007 to September 23, 2008 (the "New Hampshire policy"). (Ex. A, p. 5, ¶ 29; Ex. B, p. 54, ¶ 29; Ex. C, p. 82, ¶ 52; Ex. C, p. 219.)
5. The New Hampshire policy was issued to Mi Barur, Inc. at its San Diego, California address. (Ex. C, p. 219; Ex. D, p. 346.)
6. The New Hampshire policy was purchased by Mi Barur, Inc. through its insurance broker, Henry Medina, of Mariner's General Insurance. (Ex. C, pp. 66:23-73:2; pp. 197:21-198:7; p. 219; Ex. D, p. 346.)
7. The Mi Barur was a total loss as the result of an October 20, 2007 fire. (Ex. C, pp. 73:13-74:15.)
8. Captain Rello, the captain of the vessel, left the Mi Barur about one hour before the fire was reported. (Ex. C, p. 73:18-19.)
9. The cause and origin of the fire was investigated on New Hampshire's behalf by Arthur J. Murphy of Maze Consultants & Investigations, Inc. (Ex. A, p. 5, ¶ 24; Ex. B, p. 54, ¶ 24; Ex. C, pp. 74:20-23, 334.)
10. In correspondence dated March 10, 2008, New Hampshire denied the claim based upon its expert's conclusion that the fire was the result of arson and the company's understanding that Captain Rello was the last

person to leave the vessel before the fire. (Ex. C, pp. 342-343.)

## IV. LEGAL ARGUMENT

### A. Choice of Law

Because this is a diversity action involving the interpretation of a marine insurance contract issued to a California insured, California law and maritime principles govern the substance of the claims. *See Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1442-43 (2007); *New Hampshire Ins. Co. v. C'est Moi, Inc.*, 519 F.3d 937, 939 (9th Cir. 2008). *See also* Cal. Civ. Code § 1646 ("A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made.").

### B. Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) should be granted where the facts alleged in the Counterclaim would not entitle the Counterclaimants to the relief sought. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). For purposes of ruling on the motion, all alleged facts are assumed to be true. *Id.*

The court, however, is not required to accept "conclusory allegations of law," "unwarranted inferences" or "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *See In re Syntex Corp. Secs. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Rather, the Court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).

The court also need not accept as true allegations that are contradicted by matters properly subject to judicial notice or by documents attached to the complaint or incorporated by reference. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## C. Promissory Fraud Cannot Be Based Upon a Mere Breach of Contract

The Third Cause of Action for "promissory fraud" fails because, as a matter of law, Counterclaimants have not and cannot plead facts establishing that, at the time the New Hampshire policy was issued, the company did not intend to cover a loss that had not yet taken place. Counterclaimants' assertions are a baseless attempt to convert a simple breach of contract claim into one for fraud.

In diversity cases where the cause of action is fraud, the substantive elements of fraud are determined by state law. *See Moore v. Brewster*, 96 F.3d 1240, 1245-46 (9th Cir. 1996). These elements, however, must be pled in accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which requires that "the circumstances constituting fraud" be stated "with particularity." *See In re Glenfed, Inc. Sec, Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) ("To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction.").

Under California law, a cause of action for fraud requires the plaintiff to establish: (1) a knowingly false representation by the defendant; (2) made with intent to deceive or induce reliance by the plaintiff; (3) justifiable reliance by the plaintiff; and (4) resulting damages. *See Wilkins v. NBC*, 71 Cal. App. 4th 1066, 1081 (1999).

In this case, Counterclaimants allege that New Hampshire promised "in the policies of insurance" identified, that it would act in good faith, pay claims for losses to the Mi Barur, properly investigate all claims, act reasonably in evaluating claim, and not subjugate the insured's interests to its own. (Ex. C, p. 94, ¶ 88.) Counterclaimants contend that New Hampshire committed fraud because, at the time the statements were made, New Hampshire "had no intention of performing such promises or honoring such warranties." (Ex. C, p. 94, ¶ 91.)

Such claims fall within a subset of fraud called "promissory fraud." *Smith v. Allstate Ins. Co.*, 160 F. Supp.2d 1150, 1152 (S.D. Cal. 2001). To plead promissory fraud, Counterclaimants must set forth with particularity facts demonstrating that New Hampshire "fraudulently induc[ed] [Mi Barur, Inc.] to enter into a contract."

*Id.* *See also Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996).

Counterclaimants' "promissory fraud" claim fails as a matter of law because an insured asserting a claim against an insurer for fraud in the inducement must plead and prove that the insurer did not intend to keep its promise to perform at the time the promise was made. *See Magpali v. Farmers Group, Inc.*, 48 Cal. App. 4th 471, 481 (1996); *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991). Simply alleging an original promise coupled with a subsequent failure to perform is insufficient to support a factual inference that the original promise was made without intent to perform. *Magpali,* 48 Cal. App. 4th at 481. *See also Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985) ("something more than nonperformance is required to prove the defendant's intent not to perform his promise"). As the court observed in *Price v. Highland Community Bank*, 722 F. Supp. 454, 459-60 (N.D. Ill. 1989), "[a] change of mind can be . . . a breach of contract, but it is not fraud."

The decision in *Smith*, *supra*, is directly on point. Like Counterclaimants, the insured in *Smith* alleged that the insurer, through its homeowners policy, agreed to indemnify the Smiths against fire damages to their home; these representations were made to induce the Smiths to enter into the policy; the insurer never intended to honor these representations and has not paid the claim. *Smith*, 160 F. Supp.2d at 1153. The court held that "[t]hese pleadings fail to specify facts from which the Court can infer that the alleged misrepresentations were actually false at the time they were made." *Id.* The court also found "specious" the insured's claim that promissory fraud can be based simply upon the insurer's failure to pay the claim:

> Such an assumption is unwarranted because it contradicts the heightened pleading requirements of Rule 9(b) and would allow "every breach of contract [to] support a claim of fraud so long as the plaintiff adds to his complaint a general allegations that the defendant never intended to keep her promise."

*Id.* at 1153-54 (quoting *Richardson v. Reliance Nat'l Indem. Co.*, 2000 U.S. Dist. LEXIS 2838, *14 (N.D. Cal. Mar. 9, 2000) (citations omitted).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

The fraud claim here is substantively identical to that addressed in *Smith.* Counterclaimants simply allege that New Hampshire committed fraud by issuing an insurance policy and failing to pay for the loss of the Mi Barur. Such bare-bones allegations fail to specify any facts indicating that the alleged statements were false at the time they were made. Accordingly, Counterclaimants' fraud allegations fail to satisfy the requirements of Rule 9(b) and should be dismissed.[2]

**D. Counterclaimants' "Negligence" Cause of Action Cannot Survive Because Their Claims Are Based upon Breach of Contract, Not Tort**

The Fourth Cause of Action, based upon New Hampshire's alleged "negligence" in the handling of the underlying claim, fails because it is nothing more than a repackaging of Counterclaimants' breach of contract claim in an attempt to recover tort damages. The California courts have made clear that the only tort remedy available for the breach of an insurance contract is "bad faith," a claim that requires more than a showing of mere "negligence."

The essential elements for a negligence claim are: (1) defendant's legal duty of care to plaintiff; (2) defendant's breach of that duty; (3) plaintiff's resulting injury; and (4) compensable damages. *Becker v. IRM Corp.*, 38 Cal. 3d 454, 471 (1985).

Counterclaimants have not and cannot allege a "duty" because a person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations. *Aas v. Superior Ct.*, 24 Cal. 4th 627, 643 (2000). To the contrary, recovery of tort damages has been limited to a few carefully delineated situations where "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm."

---

[2] *See also Fanucchi & Limi Farms v. United Agric. Prods.*, 414 F.3d 1075 (9th Cir. 2005) (affirming dismissal of promissory fraud claims because "mere nonperformance is not enough to show intent to defraud"); *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992)) (a lenient standard of pleading promissory fraud would permit "anyone with a breach of contract claim [to allege] tort damages by alleging that the promises broken were never intended to be performed."); *Comerica Bank v. McDonald*, 2006 U.S. Dist. LEXIS 86306, *9-12 (N.D.Cal. 2006) (dismissing promissory fraud claims).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

*Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999). A cause of action for negligent claim handling does not satisfy either of these criteria. *Benavides v. State Farm Gen. Ins. Co.*, 136 Cal. App. 4th 1241, 1251-52 (2006). *See also Sanchez v. Lindsey Morton Claims Servs., Inc.*, 72 Cal. App. 4th 249, 254-55 (1999) ("negligence is not among the theories of recovery generally available against insurers").

In *Benavides*, *supra*, the court found that a cause of action for negligent claim handling, similar to that alleged in the present matter, cannot be sustained independent of a claim for breach of contract. *Benavides*, 136 Cal. App. 4th at 1252. In that case, a tenant sued her insurer following the denial of a claim for mold contamination in a condominium unit. *Id.* at 1245. Although the court ultimately held that the claim was not a covered loss, it considered whether a cause of action for negligent handling of an insurance claim could be sustained against the insurer. *Id.* at 1251-52. The court concluded that the tenant's negligence claim did not "fall within the circumstances identified by the California Supreme Court which allow a contract-based cause of action to be pursued as a tort claim," namely, the tenant's negligence claim was not based on a duty independent of the contract and the alleged conduct by the insurer was not intentional. *Id.* at 1252.

The federal courts, including the Ninth Circuit, have consistently held that "in California, 'negligence is not among the theories of recovery generally available against insurers.'" *Tento Int'l, Inc. v. State Farm Fire & Cas. Co.*, 222 F.3d 660, 664 (9th Cir. Cal. 2000) (quoting *Sanchez*, 72 Cal. App. 4th at 254-55). *See also Everett Assocs. v. Transcontinental Ins. Co.*, 35 Fed. Appx. 450, 452-53 (9th Cir. 2002) ("We conclude that the district court correctly dismissed the separately pleaded negligence causes of action.").[3]

---

[3] *See also Caso v. Hartford Cas. Ins. Co.*, 2008 U.S. Dist. LEXIS 36428, *25-26 (E.D. Cal. May 2, 2008) ("plaintiffs cannot sustain a cause of action for negligent handling of an insurance claim"); *Carillo v. Nationwide Mut. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 47919, *6-7 (N.D. Cal. June 25, 2007) (leave to amend denied because insured failed to rebut insurer's arguments that a negligence action is not available against an insurer).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

The court in *Everett Associates v. Transcontinental Insurance Co.*, 159 F. Supp. 2d 1196, 1204 (N.D. Cal. 2001), *aff'd in part*, 35 Fed. Appx. 450 (9th Cir. 2002), recognized that a "negligence" theory would improperly expand an insurer's liability under California law:

> Plaintiffs urge the Court to rely on fundamental tort principles to recognize its negligence claim. The Court finds doing so would be an expansion unwarranted by California case law and declines to do so.

*Id.* at 1204.

The standard under California law for tort liability against an insurance company is "bad faith," not negligence. *See, e.g., Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001). To demonstrate bad faith, the insured must establish, among other things, that the insurer withheld policy benefits unreasonably or without proper cause. *See Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990). The Ninth Circuit made clear in *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1166 (9th Cir. 1995), that "mere negligence is not enough to constitute unreasonable behavior for the purpose of establishing a breach of the implied covenant of good faith and fair dealing in an insurance case."

Counterclaimants cannot avoid the stringent requirement for proving a cause of action for bad faith by simply relying upon a "negligence" theory. As stated by a leading treatise on California insurance law:

> Delay or failure to pay policy benefits may be actionable as a breach of contract or bad faith, not negligence.

Croskey, *et al.*, *Cal. Practice Guide, Insurance Litigation* § 11:205 (The Rutter Group 2007).[4/]

---

[4/] *See also Continental Ins. Co. v. Muradyan*, 2003 U.S. Dist. LEXIS 18643, *15 (C.D. Cal. 2003) ("Because the standard for tort liability against an insurance company is bad faith, not negligence, courts have found claims for negligence against insurers to be improper.").

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

The foregoing authorities establish that Counterclaimants cannot assert a cause of action against New Hampshire for negligent claims handling. Therefore, the Fourth Cause of Action fails and should be dismissed.

**E. The Claims by the Farells are Factually and Legally Flawed Because They Are Not Insureds Under the New Hampshire Policy**

Without reference to any policy language, the counterclaim simply sets forth the legal conclusion that the Farells are "insureds" under the New Hampshire policy. (Ex. C, p. 61, ¶ 4.) A review of the policy belies this assertion and establishes that the Farells' claims asserted in the First through Sixth Causes of Action fail as a matter of law because they are strangers to the contract and, therefore, do not have standing to assert any claims against New Hampshire.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

**1. The Terms of the Policy Take Precedence Over Conclusory Allegations in the Counterclaim**

The Court may consider the New Hampshire policy in determining the Farells' claim that they are "insureds" because a document attached, referenced, or quoted in a pleading may be considered in its entirety when deciding a motion to dismiss. *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "[W]hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*." *Thompson v. Illinois Dept. of Prof. Reg*, 300 F.3d 750, 754 (7th Cir. 2002) (emphasis in original; quotations omitted).

Thus, the language of the New Hampshire policy prevails over Counterclaimants' conclusory allegations.

**2. Only Insureds Under the Policy May Assert a Cause of Action Against New Hampshire**

The Farells lack standing to assert any claims against New Hampshire because the policy plainly states – and Counterclaimants admit – that the "Named Insured" is

Mi Barur, Inc. (Ex. C, p. 82, ¶ 52; p. 219.) Nowhere in the policy are the Farells expressly included as named insureds or additional insureds, nor do they qualify as beneficiaries under the policy. (Exs. C, p. 219; D; E.)[5]

**a. <u>As Shareholders in Mi Barur, Inc., the Farells Lack Standing to Sue the Corporation's Insurer</u>**

The Farells admit that they are the sole shareholders in the corporate insured, Mi Barur, Inc. (Ex. A, p. 2, ¶ 5; Ex. B, p. 52, ¶ 5; Ex. C, p. 66, ¶ 21.) Under California law, shareholders lack standing to assert a claim against the corporation's insurer because there is no privity of contract. *See Seretti v. Superior Nat'l Ins. Co.*, 71 Cal. App. 4th 920, 929, 930-31 (1999) ("[p]rivity of contract with the insurer is essential to an implied covenant action against the insurer"). Absent a showing by the shareholder that they are a named insured, additional insured, or a beneficiary under the policy, their claims against the insurer fail as a matter of law. *C & H Foods Co. v. Hartford Ins. Co.*, 163 Cal. App. 3d 1055, 1068 (1984). *See also Tan Jay Int'l. v. Canadian Indem. Co.*, 198 Cal. App. 3d 695, 706-07 (1988) ("shareholder may not, as a matter of law, personally recover emotional distress damages for injury to the corporation in which he holds shares" unless included as an insured under the policy).

In order to gain tax and other financial benefits, the Farells chose (on advice of their attorneys) to hold ownership of the Mi Barur through a corporation. (Ex. C, p. 193, ¶ 9; p. 196, ¶¶ 4, 6.) The Farells must live with the benefits and consequences of that decision.

---

[5] Counterclaimants apparently contend that the correct policy "jacket" is Yacht Policy form BJP 2191-A (8/06) (Ex. C, pp. 72:27-28, 82:10), not Executive Yacht Policy form 95613 (9/07) attached to the policy. (Ex. D, pp. 347, 370). Endorsement 9 of the policy expressly states that "the policy form referenced on your declarations page, BJP 2191-A (8/06), is deleted in its entirety and replaced by policy form 95613 (9/07)." (Ex. D, p. 370.) The policy language, therefore, prevails over the Counterclaimants' unsubstantiated and conclusory allegations to the contrary. *See Thompson*, 300 F.3d at 754. However, for the purposes of this motion, there is no difference among the policy forms in the language regarding who is an insured. (Ex. C, p. 82, ¶ 52; p. 84, ¶ 59; Ex. D, p. 346; p. 349, ¶ 29; Ex. E, p. 378, ¶ 23.)

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

### b. The Farells Do Not Qualify as Insureds Under the New Hampshire Policy

Any argument that the Farells somehow fit the definition of an insured under the policy is belied by the clear and explicit policy language. The Insuring Agreement provides in part: "This **policy** is a legal contract between **you** and **us**." (Ex. D, p. 349, ¶ 1(A); Ex. E, p. 378, ¶ 1.) (emphasis in original).

The policy defines "you" and "your" as follows:

> You and your means:
>
> A. The person or organization named as the insured on the enclosed Declarations;
>
> B. Members of the immediate family of the insured who live in the same household;
>
> C. Anyone else operating the insured vessel with the prior express permission of the named insured, as long as the actual use is within the scope of such permission and for private pleasure use only; or
>
> D. A captain or crew member who works on your yacht. You and your does not include, however, anyone operating or working for a marina, yacht club, boat repair yard, or similar business and who is not in your employ.

(Ex. C, p. 84, ¶ 59; Ex. D, p. 349, ¶ 29; Ex. E, p. 378, ¶ 23.)

It is a fundamental principle of policy interpretation that "[i]f contractual language is clear and explicit, it governs." *Bank of the West v. Superior Ct.*, 2 Cal. 4th 1254, 1264 (1992). The Farells do not fall within the "clear and explicit" definition for "you" and "your." Paragraph "A" is inapplicable because "Mi Barur, Inc.," not the Farells, is "named as the insured" on the Declarations. (Ex. C, p. 82, ¶ 52; Ex. C, p. 219; Ex. D, p. 346.) Paragraph "B" only applies if the "Named Insured" is an individual, not a corporation. Paragraph "C" is irrelevant because, at the time of the fire, the yacht was tied to the pier and with no one on board and, therefore, not being "operated" by anyone, including the Farells. (Ex. C, p. 73, ¶ 38.) Paragraph "D" does not apply because the counterclaim alleges that the Farells

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

were the owners of the vessel, not the captain or crew. (Ex. C, p. 66, ¶¶ 20-21.)

Thus, there is no policy language supporting the Farells' conclusory allegation that they are "insureds" under the policy.

c. **The Farells Are Not Third-Party Beneficiaries Under the New Hampshire Policy**

The Farells also lack standing to sue as third-party beneficiaries under the policy because they have not and cannot identify policy language indicating that they fall within any class of persons who are entitled to benefits under the policy. *See Hatchwell v. Blue Shield of Cal.*, 198 Cal. App. 3d 1027, 1034 (1988) (non-party to insurance contract may sue insurer only if entitled to benefits under the contract). Any claim that, as the beneficial owners of the Mi Barur, the Farells would ultimately benefit from the payment of the claim is insufficient because the simple fact that "the contract, if carried out to its terms, would inure to the third party's benefit is insufficient to entitle him or her to demand enforcement," even if the third-party has paid for the policy. *Jones v. Aetna Cas. & Sur. Co.*, 26 Cal. App. 4th 1717, 1724 (1994) (commercial lessee who was required by terms of lease to pay the cost of rental income insurance policy maintained by lessor had no standing as third-party beneficiary to sue insurer for breach of the covenant of good faith and fair dealing). *See also InfiNet Mktg. Serv., Inc. v. American Motorist Ins. Co.*, 150 Cal. App. 4th 168, 181 (2007) ("That InfiNet would derive a tangential benefit from a finding there is coverage for third parties does not confer upon it standing to enforce the policy to which it is a complete stranger.").

The Farells' are not insureds or beneficiaries under the New Hampshire policy and, therefore, lack standing to assert the claims raised in the First through Sixth Causes of Action.

**F. The Libel and Slander Claims Must be Dismissed**

The libel and slander claims asserted by the Farells as individuals in the Seventh and Eighth Causes of Action fail because (1) the "common interest

privilege" codified in Civil Code section 47 immunizes from liability non-malicious statements among parties having a common interest regarding insurance coverage for the loss of the Mi Barur, and, alternatively, (2) the alleged statements do not defame the Farells because they are not "of and concerning" either Mr. or Mrs. Farell.

### 1. **The Standard**

The determination of whether a statement is defamatory is a question of law in the first instance. *Scott v. McDonnell Douglas Corp.*, 37 Cal. App. 3d 277, 289 (1974). The relevant inquiry for the court is whether the statement could reasonably be considered defamatory. *Id.* The pleading standard for defamation is "more stringent than that applicable to most other substantive claims because of the historically unfavored nature of this type of action, the First Amendment implications of many of these cases, and the desire to discourage what some believe to be all too frequently vexatious litigation." 5 Wright & Miller, *Fed. Prac. & Proc., Civil 3d* § 1245 (2008).

A defamatory statement under California law consists of libel or slander. Cal. Civ. Code § 44. Libel is defined by statute as follows:

> Libel is a false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

Cal. Civ. Code § 45.

Slander is defined, in pertinent part, as follows:

> Slander is a false and unprivileged publication, orally uttered and also communications by radio or any mechanical or other means which:
>
> 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;
>
> . . . .
>
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

tendency to lessen its profits;

. . . .

5. Which, by natural consequence, causes actual damage.

Cal. Civ. Code § 46.

**2. <u>The Alleged Statements Are Privileged Because They Are Between Persons Who Are Interested in the Loss of the Mi Barur</u>**

A statement is not defamatory when it is privileged. California Civil Code section 47(c) provides:

> A privileged publication or broadcast is one made:
>
> . . . .
>
> (c) In a communication, without malice, to a person interested therein, (1) by one who is also interested . . . .

Cal. Civ. Code § 47(c). As the California Supreme Court explained in *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1196 (1994), "[u]nder the 'common interest privilege' . . . a defendant who makes a statement to others on a matter of common interest is immunized from liability for defamation so long as the statement is made 'without malice.'"

In defining whether parties share a "common interest," the court in *Institute of Athletic Motivation v. University of Illinois*, 114 Cal. App. 3d 1 (1980), explained:

> The word "interest" as used in the cases, is not used in any technical sense. It is used in the broadest popular sense, as when we say that a man is "interested" in knowing a fact– not interested in it as a matter of gossip or curiosity, but as a matter of substance apart from its mere quality as news.

*Id.* at 11.

In the present matter, the alleged defamatory statements consist of:

1. The March 10, 2008 letter denying coverage for the loss of the Mi Barur that was sent by New Hampshire to Michael Hallmark, Mi Barur, Inc.'s president, and a copy of which was provided to the Mi Barur, Inc.'s insurance broker, Henry Medina. (Ex. C, pp. 98:21-16, 342-345.) (*See also* Ex. A, p. 2, ¶ 6; Ex. B, p. 52, ¶ 6.)

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

2. A statement regarding the loss allegedly made to Henry Medina, Mi Barur, Inc.'s insurance broker, by Todd Schwede, an independent Marine Surveyor hired by New Hampshire to investigate the loss and to quantify damages. (Ex. C., p. 99, ¶ 114.) (*See also* Ex. C, p. 74, ¶ 41; pp. 66:23-73:2; pp. 197:21-198:7; p. 219.)

Mr. Hallmark, Mr. Medina, Mr. Schwede and New Hampshire all have an interest in the loss of the Mi Barur and issues relating to insurance coverage for that loss. Accordingly, the statements are privileged unless the Farells can meet their burden of affirmatively pleading malice. *See Lundquist*, 7 Cal. 4th at 1209-10 ("where the complaint discloses a qualified privilege, no malice is presumed and in order to state a cause of action the pleading must contain affirmative allegations of malice in fact").

The requisite malice to defeat a privilege under Section 47(c) is:

> "actual malice" which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights . . . .

*Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406, 413 (1976) (citing *Roemer v. Retail Credit Co.,* 44 Cal. App. 3d 926, 936 (1975). *See also Lundquist*, 7 Cal. 4th at 1204, 1213-14 (malice is "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person"). Malice requires more than mere "negligence" or "sloppiness." *Bierbower v. FHP, Inc.*, 70 Cal. App. 4th 1, 9 (1999). *See also Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1370 (2003) ("Mere negligence in inquiry cannot constitute lack of reasonable or probable cause.").

Malice cannot be inferred from the communication itself. Cal. Civ. Code § 48.[6] Rather, the Farells must plead specific facts beyond conclusory allegations of

---

[6] Civil Code section 48 provides: "In the case provided for in subdivision (c) of Section 47, malice is not inferred from the communication."

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

malice. *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992). *See also Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276, (1990) ("A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him.").

The Farells' counterclaim contains two separate paragraphs setting forth conclusory allegations that the allegedly defamatory statements were made "maliciously, fraudulently and oppressively, thus entitling Counter-Claimants to an award of punitive damages." (Ex. C, p. 99, ¶ 112, p. 100, ¶ 119.) These paragraphs cannot overcome the qualified privilege of Section 47(c) because they contain no "detailed" facts showing "hatred," "ill will," or "reckless disregard." *See Kacludis*, 806 F. Supp. at 872; *Lundquist*, 7 Cal. 4th at 1213-14.

Nor will the Farells be able to plead "hatred," "ill will" or "reckless disregard" because, as a matter of law, an insurer acts in "good faith" when it relies on an expert's advice in reaching a coverage determination, even if there is a "genuine dispute" as to coverage for the loss. *See Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1215 (C.D. Cal. 2002). The "genuine dispute" doctrine applies even if the insured presents a contrary report from other experts. *Id. See also Fraley v. Allstate Ins. Co.*, 81 Cal. App. 4th 1282, 1293 (2000) (it is reasonable for insurer to rely on the report and findings of its own expert over those offered by an insured's expert). This is because an insurer "may give its own interests consideration equal to that it gives the interests of its insured[s]." *Fraley*, 81 Cal. App. 4th at 1293 (citing *Love*, 221 Cal. App. 3d at 1147). Counterclaimants' concession that New Hampshire relied upon expert advice in reaching its coverage determination defeats any claim of "malice."

The libel and slander claims fail as a matter of law because the Farells have not and cannot overcome the "common interest" privilege.

/ / /

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

### 3. The Alleged Statements Do Not Defame the Farells

Even assuming the allegedly defamatory statements are not privileged, the Seventh and Eighth Causes of Action fail as a matter of law because they do not attribute the arson to the Farells.

In defamation actions, the First Amendment requires that the statement on which the claim is based "specifically refer to, or be 'of and concerning,' the plaintiff in some way." *Blatty v. New York Times Co.*, 42 Cal. 3d 1033, 1042 (1986). *See also Ferlauto v. Hamsher*, 74 Cal. App. 4th 1394, 1404 (1999) (plaintiff "cannot constitutionally establish liability unless he proves that the contested statements are 'of and concerning,' him either by name or by 'clear implication.'"). "The 'of and concerning' or specific reference requirement limits the right of action for injurious falsehood, granting it to those who are the direct object of criticism and denying it to those who merely complain of nonspecific statements that they believe cause them some hurt." *Blatty*, 42 Cal. 3d at 1044.

Neither Mr. Farell nor Mrs. Farell have or can establish that the allegedly defamatory statements are "of and concerning" themselves.

#### a. The Letter Submitted in Support of the Seventh Cause of Action for Slander Contains No Statements Regarding Either of the Farells

There are no statements contained in the March 10, 2008 declination letter "of and concerning" Mr. Farell or Mrs. Farell.

Although the Farells allege by innuendo that the letter "falsely accuse[s] Mr. and Mrs. Farell of intentionally setting fire or conspiring with others to set fire to their yacht MI BARUR in an illegal scheme to collect insurance proceeds," no such statements are contained in or can be inferred from the March 10th letter. (Ex. C, p. 98, ¶ 109; pp. 342-345.) As to the cause of the fire on the Mi Barur and the reasons for New Hampshire's denial of the claim, the letter simply states:

- "The evidence discovered in the investigation supports the conclusion that the fire was started with the significant involvement of Captain Rello." (Ex. C, p. 342.)
- "Underwriters authorized release of the fire investigation report, which was provided to you. The report concludes that the fire was intentionally set on the Captain's bunk." (Ex. C, p. 342.)
- "The fire investigator reviewed other possible causes, such as an accidental cause (including smoking) and electrical causes, but ruled them out." (Ex. C, p. 342.)
- "Underwriters could find no evidence to suggest that anyone other than the Captain set the fire." (Ex. C, p. 342.)
- "The MI BARUR was located at the end of a dock behind a locked security gate with video surveillance . . . . While we must question why the Marina would not turn over the tapes, the report that there was nothing out of the ordinary suggests that no other person was involved in setting the fire." (Ex. C, p. 342.)
- "Captain Rello was the last person leaving the boat before the fire started." (Ex. C, p. 342.)
- "Underwriters have not determined if others were involved in planning the fire. It is not necessary to the current coverage decision, but underwriters reserve the right to further investigate others possibly involved and assert any related defenses." (Ex. C, p. 343.)
- "The policy also includes the Captain within the definition of "YOU," and may thereby make his conduct the conduct of the named insured [Mi Barur, Inc.]. Any involvement of an insured in the fire would subject the claim to an arson defense to a fire loss." (Ex. C, p. 343.)

The letter contains no reference to any involvement with the arson by either Mr. or Mrs. Farell or any basis to infer that New Hampshire attributed the arson to

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

either of them. The Seventh Cause of Action fails to allege any claim "of and concerning" the Farells and, therefore, should be dismissed.

**b. The Statement Supporting the Eighth Cause of Action For Slander Does Not Reference Either Mr. or Mrs. Farell**

The Eighth Cause of Action is based upon an alleged statement that is not "of and concerning" Mr. or Mrs. Farell. Rather, the Farells' slander claim is based upon a hearsay statement contained in an e-mail by the insured's broker, Henry Medina, allegedly documenting a statement by independent marine surveyor Todd Schwede:

> New policy, less than 30 days old, total loss, Mexican, he did it. (Ex. C, p. 99, ¶ 114; p. 224.)

According to the counterclaim, "[t]his statement is slanderous because it falsely accuses Mr. and Mrs. Farell of a crime, specifically an illegal scheme to set fire or conspire with others to set fire to their yacht MI BARUR to fraudulently collect insurance proceeds." (Ex. C, p. 100, ¶ 116.)

While New Hampshire disputes that the quotation accurately documents what was said between Mr. Schwede and Mr. Medina, even if true, it is insufficient to support a slander cause of action by the Farells because there is no specific reference in the statement of either Mr. Farell or Mrs. Farell and the statement cannot be attributed to either of them by "clear implication."

**(1). The Statement Refers to "He," Not "She" or Mrs. Farell**

The statement clearly is not "of and concerning" Mrs. Farell because it refers to "he," not "she" or Mrs. Farell. Mrs. Farell's slander claim is, therefore, baseless.

**(2). The Statement is Not Sufficiently Specific as to Who it Refers**

The statement indicates that the person who did "it" was of "Mexican" origin. When an allegedly defamatory statement refers to a "group" of people, "where the group is large -- in general, any group numbering over twenty-five members -- the

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

courts in California and other states have consistently held that plaintiffs cannot show that the statements were 'of and concerning them.'" *Blatty*, 42 Cal. 3d at 1046 (citations omitted). Thus, as a matter of law, simply because Mr. Farell is of Mexican origin is insufficient to establish that he was the subject of the statement.

Mr. Farell's slander claim is also belied by the March 10, 2008 declination letter, attached as an Exhibit to the Counterclaim, which establishes New Hampshire's subjective belief that the person involved with the arson was Captain Rello, not the Farells. (Ex. C, pp. 342-343.) The Farells defamation claims fail as a matter of law because statements contained in documents attached to the counterclaim prevail over any conclusory allegations in the pleadings. *See Thompson v. Illinois Dept. of Prof. Reg*, 300 F.3d 750, 754 (7th Cir. 2002) (emphasis in original) ("[W]hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*.").

The Farells have not and cannot plead a cause of action for slander based upon an assertion that New Hampshire accused either Mr. Farell or Mrs. Farell of arson.

## V. CONCLUSION

The Third, Fourth, Seventh and Eighth Causes of Action to the counterclaim lack any factual or legal support. In addition, the claims asserted individually by Arsenio Farell and Norma Farell in the First through Sixth Causes of Action lack merit because they are not insureds under the New Hampshire Policy. Accordingly, New Hampshire's motion to dismiss should be granted.

DATED: July 10, 2008 LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Stephen V. Kovarik
Rebecca R. Weinreich
Stephen V. Kovarik
Attorneys for Plaintiff and Counterdefendant
New Hampshire Insurance Company

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800